IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WILLIAM WALKER,** | CASE NO. 3:23 CV 559 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MICHAEL HENNIGAN, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

### BACKGROUND

*Pro se* Plaintiff William Walker, a prisoner incarcerated in Texas, filed this action in the United States District Court for the Eastern District of Texas, which transferred the action here on the basis that Defendants are located in Findlay, Ohio, and the Complaint had no connection to Texas. *See* Doc. 3. Plaintiff sues Marathon Petroleum Corporation CEO Michael Hennigan; Vice President Mary Ann Mannen; Executive President Timothy Aydt, General Counsel Suzan Gagle; and Lee Tillman of the Board of Directors. (Doc. 1).

Plaintiff's Complaint does not set forth clear allegations or legal claims. In his statement of claim, Plaintiff states in purely conclusory terms that he was "discriminated against" and "wrongfully terminated" in 2015 and 2016, respectively; that he was "unlawfully arrested" and "unlawfully imprisoned" in 2019 and 2020, respectively; that he "won the jury trial" in April 2022; and that he was "unlawfully arrested" and "imprisoned" in 2022 in Angelina, Texas. *Id.* at 4, ¶ V. A supplement Plaintiff filed in the case after his Complaint was transferred is also unclear. (Doc. 6). In this filing, Plaintiff states, among other things, that he was discriminated against and wrongfully terminated in 2015 because of a mistake made by a supervisor at

1

Marathon for which he was "framed". *Id*. at 4. Plaintiff's civil cover sheet indicates he asserts claims of racial discrimination under Title VII of the Civil Rights Act. (Doc. 5). He seeks $25 million per defendant in damages. (Doc. 1, at 4, ¶ VI).

With his Complaint, Plaintiff filed a motion to proceed *in forma pauperis.* (Doc. 2). That motion is granted. For the following reasons, his Complaint is dismissed.

### STANDARD OF REVIEW

A district court is required to dismiss an *in forma pauperis* complaint under 28 U.S.C. §1915(e)(2)(B) if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim" under § 1915(e)(2)(B)).

Although *pro se* complaints are generally liberally construed and held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the lenient treatment generally accorded *pro se* pleadings "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations or construct claims on their behalf. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

### DISCUSSION

Plaintiff's pleadings, even liberally construed, fail to allege a plausible Title VII claim upon which he may be granted relief.

2

Title VII protects employees from discrimination in employment on the basis of their race, color, religion, sex, or national origin. 42 U.S.C. §2000e-2(a).[1] A person aggrieved by such discrimination may bring a civil action against the employer. 42 U.S.C. § 2000e-5(b). There is no remedy under Title VII against a co-worker or a supervisor in his or her individual capacity, as it appears Plaintiff seeks here. *Wathen v. General Elec. Co*., 115 F.3d 400, 405 (6th Cir. 1997) ("We now hold that an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."); *Johnson v. East Tenn. State Univ.*, 229 F.3d 1152 (6th Cir. 2000) (table) ("Defendant Coogan, sued in his individual capacity, is not included within the statutory definition of employer under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination.").

To establish a prima facie claim under Title VII, a plaintiff must demonstrate he is a member or a protected class; suffered an adverse employment action; was qualified for the position; and that a similarly-situated person outside of the protected class was treated more favorably than he was. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). This standard is an evidentiary one, however, and Plaintiff is not required to plead facts establishing a prima facie case under Title VII in order to state a claim for relief. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) (citing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510-12 (2002)). Rather, Plaintiff must plead sufficient facts to satisfy the plausibility standard. That is, he must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, 679, that

---

1. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

3

Defendants "discriminate[d] against [Plaintiff] with respect to [his] compensation, terms, conditions, or privileges of employment, *because of* [his] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1) (emphasis added).

"Mere conclusory allegations of discrimination are insufficient to state a claim under Title VII." *Lee v. U.S. Postal Serv.*, 12 F. App'x 322, 323 (6th Cir. 2001) (citing *Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999)); *Tucker v. Victor Gelb, Inc.*, 194 F.3d 1314 (6th Cir. 1999) (table); *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) ("A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief.").

Plaintiff's unclear and purely conclusory allegations are insufficient and do not support a plausible inference that he was subjected to an adverse employment action "because of" his race or any other characteristic protected by Title VII. As such, he fails to state a plausible claim under the statute.

Finally, even if Plaintiff's Complaint were sufficient to satisfy the pleading standard, it is also subject to dismissal for failure to exhaust administrative remedies. A plaintiff fails to state a claim under Title VII where "the record does not conclusively show that [the plaintiff] exhausted [his] administrative remedies prior to filing [his] complaint in federal court." *Tucker*, 1999 WL 801544, at *1. "In order to satisfy the prerequisites to an employment discrimination action, a claimant must: 1) file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC); and 2) receive and act upon the EEOC's notice of right to sue." *Id.* Plaintiff's pleadings do not suggest that he filed a charge of discrimination with the EEOC or obtained a right to sue letter; therefore, his claims are barred for this reason as well.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                     s/ *James R. Knepp II*
                                                     UNITED STATES DISTRICT JUDGE